UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HAROLD E. FOSTER,<br><br>        Petitioner,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendants. | 1:20-cv-00399-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

This is a Social Security case in which the petitioner, Harold Foster, appeals

the Commissioner's denial of his application for benefits. This matter is before the

Court on United States Magistrate Judge Raymond E. Patricco's Report &

Recommendation (Dkt. 22) and Petitioner's Objections (Dkt. 23). For the reasons

explained below, the Court will overrule the Objections, adopt the Report &

Recommendation in its entirety, and affirm the Commissioner's decision.

## BACKGROUND[1]

In September 2019, an Administrative Law Judge (ALJ) denied Mr. Foster's application for Social Security Disability benefits and Supplemental Security Income benefits. *See* Sept. 11, 2019 Decision, Dkt. 14-2 at 26-28. In June 2020, the Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner.

Mr. Foster then filed a petition in this Court. He says that "[t]he conclusions and findings of fact of the respondent are not supported by substantial evidence and are contrary to law and regulation." *Petition*, Dkt. 1, at 2. In particular, Mr. Foster argues that "[t]he ALJ's RFC determination is unsupported by substantial evidence due to his failure to properly evaluate the persuasiveness of the treating and examining opinions." *Pet.'s Br*, Dkt. 18, at 1, 9-18. Accordingly, he asks the Court to either reverse the ALJ's decision and find that he is entitled to disability benefits or, alternatively, remand the case for further proceedings and award attorneys fees.

In March 2022, Magistrate Judge Patricco issued his Report, recommending

---

[1] The Court includes this brief Background section solely for ease of reference. The factual and procedural background are more fully stated in the Report, which this Court adopts in full.

that the Court affirm the Commissioner's decision. Mr. Foster objects to that Report.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Petitioner filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## ANALYSIS

Mr. Foster raises two objections to the Report, contending that the Magistrate Judge did not properly evaluate the medical evidence. The Court has reviewed the Report de novo in light of these objections. Likewise, the Court has conducted a de novo review of the administrative record, the ALJ's decision, and the complete record in this case.

### A.    Dr. Alviso

Mr. Foster objects to the Report's determination concerning the ALJ's

treatment of Dr. Alviso's opinion. Mr. Foster does not contest the Report's

conclusion that the ALJ's decision was supported by substantial evidence. Rather,

Mr. Foster argues the Report fails to consider "legal error" in the ALJ's decision.

*Objections.* Dkt 23 at 3. Namely, Mr. Foster claims that the ALJ did not correctly

apply the legal standard set out in *Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir.

2014). In that case, the Ninth Circuit held that

> If a treating provider's opinions are based to a large extent on an
> applicant's self-reports and not on clinical evidence, and the ALJ
> finds the applicant not credible, the ALJ may discount the treating
> provider's opinion. . . . However, when an opinion is not more heavily
> based on a patient's self-reports than on clinical observations, there is
> no evidentiary basis for rejecting the opinion.

*Id.* at 1162 (internal citations and quotations omitted). Mr. Foster argues that in this

case, the ALJ offered no basis for his conclusion that Dr Alviso's medical opinion

was based more heavily on the claimant's self-reports and the Report failed to

consider that legal error. On de novo review, the Court disagrees.

The ALJ's decision with respect to Dr. Alviso's mental capacity assessment

is consistent with the *Ghanim* rule. In his decision, the ALJ observed that that

"[o]n the *mental* questionnaire, it appears Dr. Alviso was completing it with input

from the claimant, based on notes that the claimant attributed his problems to

inadequate schooling and that his checking account was overdrawn." AR 37

(emphasis added). The ALJ thus clearly discounted the provider's mental capacity

assessment in part because it was based on the applicant's self-reports. The question, then, is whether there were clinical observations upon which the assessment was based and which the ALJ failed to consider.

The Court does not see any clinical observations for the ALJ to have weighed. In the spaces provided to "describe the medical/clinical findings that support this assessment," Dr. Alviso noted (1) "cannot always make the best decision at work and daily activities"; (2) "only 7th grade schooling"; (3) "attributes his answer to inadequate schooling"; and (4) "cannot balance checkbook current checking account overdrawn." AR 1193-95. These statements are *all* apparently drawn from Mr. Foster's self-reports. The ALJ did not need to offer a basis for his conclusion that Dr Alviso's medical opinion was based more heavily on the claimant's self-reports than clinical observations because Dr. Alviso's mental capacity assessment did not include any clinical observations.

Mr. Foster further highlights the ALJ's observation that "[s]ome of [Dr. Alviso's assessment] is not consistent with the claimant's allegations" or "the claimant's treatment history." AR 37. Mr. Foster argues this is illogical given the above finding that the mental capacity assessment was based on Mr. Foster's self-assessment. The Court disagrees, because the two findings are not mutually exclusive. More importantly, this argument does not affect the Court's analysis

with regard to the application of the *Ghanim* rule.

With regard to physical assessment, nothing in the ALJ's opinion suggests that he rejected it because he concluded that it was based to a large extent on Mr. Foster's self-reports. Rather, the ALJ found the opinion not persuasive because "Dr. Alviso did not provide adequate supportive reference to objective findings or treatment records to support the significant limitations on the questionnaires." AR 37. The ALJ's reasons focused on the supportability and consistency of Dr. Alviso's opinions, as required by 20 C.F.R. § 404.1520c(b)(2), and are supported by substantial evidence.

The Court will overrule the objections with regard to Dr. Alviso's opinions.

### B.    PTA Horton

Mr. Foster also objects to the Report's determination concerning the ALJ's treatment of PTA Horton's opinions.

First, Mr. Foster argues that the Report "reiterates the that ALJ's synthesis of evidence applies equally to the rejection of PTA Horton, as it did to Dr. Alviso." *Objection*, Dkt. 23 at 3. Mr. Foster argues that the comparison is inapt because Dr. Alviso's opinion "was based on peripheral neuropathy and HIV" whereas PTA Horton conducted a "mechanical evaluation of Plaintiff's back, elbow, and joint pain." *Id.* Mr. Foster argues that the ALJ's finding that Dr. Alviso's findings were

unsupported should not detract from the analysis of PTA Horton's opinions.

The Court agrees with Mr. Foster's premise, but concludes it is driven by a mis-reading of the Report. The Report clearly performed independent analyses of the way that the ALJ treated both opinions. The Report then highlighted that the ALJ found they suffered from the same reasoning-based shortcoming—they were not supported by Mr. Foster's treatment history. On de novo review, the Court finds that the Report's observation was correct. However, neither the Report nor the ALJ merged the analysis of Dr. Alviso's opinion with the analysis of PTA Horton's opinion.

Next, Mr. Foster argues that the Report erred by using reasoning that was not part of the ALJ's decision. Mr. Foster takes issue with the Report's observation that

> [PTA Horton's] opinions are not mirrored elsewhere in the record. Just the opposite, actually, with the ALJ commenting how Petitioner was able to 'use his hand quite a bit to refinish his home' following a wrist injury and that he was working as a landscaper in late 2015 (after his alleged onset date). . . . These circumstances clash with PTA Horton's opinions and cannot be reconciled.

*Report*, Dkt. 22 at 13. Mr. Foster objects that "[t]his rationale is entirely absent from the decision and cannot be used to support that same decision." *Objection*, Dkt. 23 at 3.

Again, the Court is not persuaded. The ALJ found PTA Horton's opinion

only "partially persuasive" because "[i]t is not consistent with other longitudinal treatment history." AR 38. The Report found that this justification satisfied the requirements of 20 C.F.R. § 404.1520c(b)(2) and was supported by substantial evidence. The Report then cited the contradiction between PTA Horton's assessment and other evidence in the record about Mr. Foster's ability to use his hands. True, the ALJ did not cite this specific contradiction in reaching his conclusion. But the Report highlighting an uncited example is not the same as creating a new justification out of whole cloth or upholding the agency's decision based on a different reason than the one it gave when it acted. The Report appropriately analyzed the ALJ's conclusion on the basis of the reasons he gave.

Finally, Mr. Foster argues the Report fails to consider another legal error in the ALJ's decision. This time, he argues that the ALJ did not explain the supportability or consistency factors in evaluating PTA Horton's opinion as required by 20 C.F.R. § 404.1520c(2). Once more, the Court disagrees.

The ALJ did explain supportability very clearly. He critiqued PTA Horton's assessment as a "one-time testing by a non-acceptable medical source" that could not "provide a good long-term picture of the claimant's functioning." AR 38. In short, he found that this type of examination was not a reliable basis for drawing PTA Horton's broad conclusions.

MEMORANDUM DECISION AND ORDER - 8

The Court also finds that ALJ sufficiently linked evidence in the record to his evaluation of its consistency with the opinion of PTA Horton. The ALJ specifically noted that Mr. Foster's "treatment history and records showing mild problems maintained with treatment" were inconsistent with PTA Horton's opinions. Again, this is sufficient.

Mr. Foster's citation to *Carol Ann M.* is no more persuasive. *See Carol Ann M. v. Kijakazi*, No. 1:20-CV-00543-BLW-CWD, 2021 WL 6622135, at *5 (D. Idaho Oct. 20, 2021), *report and recommendation adopted sub nom. Mealer v. Kijakazi*, No. 1:20-CV-00543-BLW-CWD, 2022 WL 204352 (D. Idaho Jan. 24, 2022). In this case, the ALJ discredited a medical opinion because "it is not consistent with the record, including the objective evidence and the claimant's course of treatment. Moreover, [the provider's] own treatment notes and physical findings do not support the level of limitation described in her opinion." *Id. Administrative Record,* Dkt. 14-2 at 24. As the Court observed, that reasoning made it entirely "unclear what objective evidence or what aspect of Petitioner's course of treatment the ALJ found inconsistent with [the provider's] opinions." *Id. Report and Recommendation*, Dkt 21 at 9.

Here, in contrast, the ALJ highlighted that he found the portions of the record showing "mild problems maintained with treatment" inconsistent with PTA

Horton's opinions. Although more specificity might have been helpful, it is sufficient to meet the requirements of 20 C.F.R. § 404.1520c(2). After conducting a de novo review, the Court concurs with the Report's assessment.

The Court will overrule the objections regarding PTA Horton's opinions.

## ORDER

**IT IS ORDERED that:**

1.  Petitioner's Objections to the Report and Recommendation (Dkt. 23) are **OVERRULED**.

2.  The Report & Recommendation (Dkt. 22) is **ADOPTED IN ITS ENTIRETY** as the order of this Court.

3.  The Commissioner's decision is **AFFIRMED**.

4.  The Court will enter a separate judgment in favor of the Commissioner in accordance with Federal Rule of Civil Procedure 58.

DATED: March 11, 2022

B. Lynn Winmill
U.S. District Court Judge